IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MEDACTA INTERNATIONAL SA and MEDACTA USA, INC., | ) ) ) | Case No. 17-cv-8681 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| STRYKER CORPORATION. | ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

Plaintiffs, Medacta International SA and Medacta USA, Inc., by their attorneys and for their Complaint, allege as follows:

### The Parties

1.      Plaintiff Medacta International SA ("Medacta International") is a Swiss company with offices at Strada Regina, Castel San Pietro, Switzerland CH-6874.

2.      Plaintiff Medacta USA, Inc. ("Medacta USA") is a Delaware company having its place of business at 1565 West Carrol Avenue, Chicago, Illinois 60607 (Medacta International and Medacta USA are referred to collectively as "Medacta").

3.      Upon information and belief, defendant Stryker Corporation ("Stryker") is a Michigan company having a place of business at 350 N Orleans St., Suite 650S, Chicago, Illinois 60654.

### Jurisdiction and Venue

4.      This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) with respect to the claims arising out of the alleged violations of the

1

Lanham Act, 15 U.S.C. § 1051, *et seq.*, and under 28 U.S.C. §§ 1338(b) and 1367(a) with respect to the claims arising under Illinois state law.

      5.    This Court has personal jurisdiction over Stryker because Stryker has done and is doing substantial business in this judicial district, both generally and with respect to the allegations in this Complaint, and events giving rise to this action occurred in this judicial district.

      6.    Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

**Background Allegations**

      7.    Medacta is a leading worldwide developer, manufacturer and distributor of orthopedic and neurosurgical medical devices.  Its products are used by surgeons throughout the United States and the Medacta name is synonymous with high quality.

      8.    Medacta also provides to surgeons, doctors and other medical professionals throughout the United States educational conferences, seminars, workshops and cadaveric wet labs in the field of orthopedic implants and neurosurgical systems.  As shown by a brochure attached as Exhibit 1, Medacta began providing those services at least as early as 2008 under the name **M.O.R.E.** (Medacta Orthopedic Research and Education).  Since that time, Medacta has held more than 30 similar educational conferences, seminars and cadaveric wet labs throughout the United States (for a total of 27 different locations), including in Chicago, as well as in other major cities, such as Atlanta, Houston, Orlando and Seattle, training more than 600 surgeons, doctors and other medical professionals.

      9.    On January 24, 2017, Medacta obtained U.S. Trademark Registration No. 5,127,086 for the **M.O.R.E.** mark for, among other things, the following services:

2

Class 41: Arranging and conducting educational conference, seminars and workshops; educational services, providing courses in the scientific, medical, surgical and cultural field; Electronic publication, namely, providing on-line publications in the nature of newspapers, magazines and journals in the field of orthopedic implants, neurosurgical systems, and scientific instrumentation; publishing services, namely, publishing of electronic publications

A copy of U.S. Trademark Registration No. 5,127,086 is attached as Exhibit 2.

9.     U.S. Trademark Registration No. 5,127,086 is valid and subsisting and is *prima facie* evidence of the validity of the **M.O.R.E.** mark, of Medacta's ownership of the mark, and of Medacta's exclusive right to use the mark in connection with the listed services pursuant to 15 U.S.C. § 1057(b).

10.     On information and belief, Stryker is engaged in the development, manufacture, and distribution of orthopedic and neurosurgical medical devices. Its products are sold throughout the United States, including in this judicial district, and it is a competitor of Medacta.

11.     On information and belief, in or about January of 2015, Stryker began offering educational services to surgeons, doctors and other medical professionals under the mark M.O.R.E. in the field of orthopedic implants and neurosurgical systems and surgical techniques. A printout from the Stryker website promoting the M.O.R.E. mark and services is attached as Exhibit 3.

12.     On information and belief, Stryker has provided educational services under the M.O.R.E. mark throughout the United States, and including in this judicial district.

13.     On information and belief, Stryker is providing the same types of educational services to the same consumers under the M.O.R.E. mark as Medacta does under its **M.O.R.E.** mark.

## COUNT I - Federal Service Mark Infringement

14.     This count is a cause of action for federal service mark infringement under 15 U.S.C. § 1114.

15.     The allegations of paragraphs 1-13 are incorporated by reference as though fully set forth herein.

16.      The use by Stryker of the M.O.R.E. mark in connection with advertising and providing educational services to surgeons, doctors and other medical professionals in the field of orthopedic implants and neurosurgical systems and surgical techniques is a reproduction, counterfeit, copy, and/or colorable imitation of Medacta's federally-registered **𝐌.O.R.E.** mark.

17.     Stryker's use of the M.O.R.E. mark is likely to cause confusion, mistake, and/or deception of relevant consumers as to the source, sponsorship or approval of the services provided by Stryker, in that relevant consumers are likely to believe that there is sponsorship, approval, licensing, affiliation, association or some legitimate connection between the services being provided under the M.O.R.E. mark and Medacta.

18.     As a direct and proximate result of the likely confusion, mistake and deception, Medacta has suffered, and will continue to suffer, irreparable damage to the reputation and goodwill of Medacta in violation of 15 U.S.C. § 1114, for which Medacta is without an adequate remedy at law.

19.     The acts of Stryker complained of herein have damaged, are damaging, and are likely to continue to damage Medacta.

20.     The acts of Stryker complained of herein constitute a violation of § 32 of the Lanham Act, 15 U.S.C. § 1114, have caused irreparable harm to Medacta for which there is

no adequate remedy at law, and have caused Medacta to suffer monetary damage in an amount thus far not determined.

21.     On information and belief, Stryker knows that its use of the M.O.R.E. mark infringes the trademark rights of Medacta and has continued to use the mark with that knowledge, and thus its infringement is intentional.

### COUNT II – False Designation of Origin and Unfair Competition

22.     This count is a cause of action for false designation of origin and unfair competition under 15 U.S.C. § 1125(a).

23.     Medacta repeats and realleges the allegations contained in paragraphs 1-21 of this Complaint as though fully set forth herein.

24.     Stryker's use of the M.O.R.E. mark is use of a word, term and name that is likely to cause confusion, mistake or deception as to the source of the services being provided by Stryker as relevant consumers are likely to believe that the services are provided by, sponsored by, approved by, licensed by, affiliated with or associate with Medacta.

25.     Stryker's use of the M.O.R.E. mark in its commercial advertising and promotion of services under that mark is a false or misleading representation or description of fact that misrepresents the nature, quality and characteristics of the services Stryker offers and provides under the mark in that relevant consumers are likely to believe that the services provided under the mark have the same quality and characteristics as those Medacta offers and provides under the **M.O.R.E.** mark.

26.     The acts of Stryker complained of herein have damaged, are damaging, and are likely to continue to damage Medacta.

5

27.     The acts of Stryker complained of herein constitute a violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), have caused irreparable harm to Medacta for which there is no adequate remedy at law, and have caused Medacta to suffer monetary damage in an amount thus far not determined.

### COUNT III – Violation of Uniform Deceptive Trade Practices Act

28.     This count is a cause of action for violation of the Uniform Deceptive Trade Practices Act, 815 ILL. COMP. STAT. 510/1, *et seq.*

29.     Medacta repeats and realleges the allegations contained in paragraphs 1-27 of this Complaint as though fully set forth herein.

30.     As a result of the acts and practices of Stryker set out above, Stryker has been and is engaged in deceptive trade practices or acts in the conduct of business, trade or commerce, and in the furnishing of services, in violation of the Uniform Deceptive Trade Practices Act of the State of Illinois, 815 ILL. COMP. STAT. 510/1, *et seq.*, which deceive the public and have caused irreparable harm to Medacta for which there is no adequate remedy at law, and have caused Medacta to suffer monetary damage in an amount thus far not determined.

### COUNT IV – Common Law Service Mark Infringement and Unfair Competition

31.     This count is a cause of action for common law service mark infringement and unfair competition under the Illinois common law.

32.     Medacta repeats and realleges the allegations contained in paragraphs 1-30 of this Complaint as though fully set forth herein.

33.     Stryker's use in commerce of the M.O.R.E. mark constitutes service mark infringement and unfair competition with Medacta under the Illinois common law in that (a) such use enables Stryker to obtain the benefit of and trade on the goodwill of Medacta, (b) such use

damages the goodwill of Medacta and Medacta has no control over Stryker's business, and (c) such use is likely to cause confusion, mistake or deception and results in unjust enrichment of Stryker.

34.    The acts of Stryker complained of herein have caused irreparable harm to Medacta for which there is no adequate remedy at law, and have caused Medacta to suffer monetary damage in an amount thus far not determined.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs Medacta International SA and Medacta USA, Inc. demand judgment against defendant Stryker Corporation as follows:

A.    A declaration that Stryker Corporation has infringed Medacta's service mark rights in the **𝗠.O.R.E.** service mark in violation of the 15 U.S.C. § 1114, and the common law of the State of Illinois, that Stryker has falsely designated the origin of its services in violation of 15 U.S.C. § 1125(a), and that Stryker Corporation has violated the Uniform Deceptive Trade Practice Act, 815 ILL. COMP. STAT. 510/1, *et seq*.

B.    That Stryker Corporation, its agents, employees, successors and assigns, and any and all persons or entities acting at, through, under or in active concert or participation with or under authority of or from them, be preliminarily and permanently enjoined from infringing Medacta's **𝗠.O.R.E.** service mark, unfairly competing with Medacta, false advertising of its services, including from using the M.O.R.E. mark, or any other colorable variation of the **𝗠.O.R.E.** mark in connection with the false and misleading advertisement, promotion, marketing and provision of educational services in the United States, or in any manner likely to cause confusion with Medacta's **𝗠.O.R.E.** mark.

C.      That Stryker Corporation deliver up for destruction all advertising and promotional materials containing the M.O.R.E. mark, and discontinue use of such on any vehicles, signs, newspaper or other advertisements, Internet websites, and/or any other printed or otherwise published materials.

D.      An award to Medacta of the profits realized by Stryker Corporation realized from the unlawful use of the M.O.R.E. mark in connection with advertising, promotion and provision of educational services in the United States, and any other actual damages suffered by Medacta as a result of Stryker Corporation's acts, and other relief under 15 U.S.C. § 1117, including treble damages, as may be deemed appropriate.

E.      An award to Medacta for Stryker Corporation's unjust enrichment.

F.      An award of punitive damages.

G.      That this case been deemed exceptional pursuant to 15 U.S.C. § 1117 and/or other applicable law, and that Medacta be awarded its reasonable attorney fees, expenses and costs in this action.

H.      An award to Medacta of pre-judgment and post-judgment interest at the maximum rate allowed by law.

I.      Such other and further relief as the Court may deem just and equitable in the circumstances.

## JURY DEMAND

Plaintiffs Medacta International SA and Medacta USA, Inc. hereby demand and request trial by jury of all issues raised that are triable by jury.

MEDACTA INTERNATIONAL SA and
MEDACTA USA, INC.


Dated: November 30, 2017                     */s/ Julianne M. Hartzell*_____

Julianne M. Hartzell

MARSHALL, GERSTEIN & BORUN LLP

6300 Sears Tower

233 South Wacker Drive

Chicago, IL 60606-6357

(312) 474-6300

jhartzell@marshallip.com

Attorney for Plaintiff

Medacta International SA and

Medacta USA, Inc.


OF COUNSEL:

Theodore R. Remaklus, Esq.

Wood, Herron & Evans, L.L.P.

2700 Carew Tower

441 Vine Street

Cincinnati, Ohio 45202

Tel.:   (513) 241-2324 Telephone

Fax:   (513) 241-6234 Facsimile

E-mail: tremaklus@whe-law.com